Kollin J. Zimmermann (CA Bar No. 273092)
KZimmermann@ktslaw.com
KILPATRICK TOWNSEND & STOCKTON LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310-248-3830
Facsimile: 310-860-0363

R. Charles Henn Jr. (*pro hac vice* forthcoming)
chenn@ktslaw.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIDAS AMERICA, INC., an Oregon corporation; and ADIDAS AG, a foreign entity,<br><br>        Plaintiffs,<br><br>    v.<br><br>FASHION NOVA, LLC, a California limited liability company,<br><br>        Defendant. | CASE NO.:  2:25-cv-1878<br><br>**COMPLAINT**<br>(Federal Trademark Infringement, Federal Trademark Counterfeiting, Federal Unfair Competition, Federal Trademark Dilution, State Trademark Dilution, Unfair and Deceptive Trade Practices, State Trademark Infringement and Unfair Competition, and Breach of Contract)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their complaint against Defendant Fashion Nova, LLC ("Fashion Nova").

# I.    INTRODUCTION

1.    For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its distinctive Three-Stripe trademark (the "Three-Stripe Mark"), which is covered by numerous incontestable federal trademark registrations. Consumers easily recognize the Three-Stripe Mark and uniquely associate it with adidas, so much so that multiple federal courts have held that the Three-Stripe Mark is famous among consumers in the United States.

2.    Fashion Nova, a fast fashion company with a penchant for overlooking the intellectual property rights of others, is well aware of adidas's rights in the Three-Stripe Mark, having previously been sued *twice* by adidas for creating, advertising, or selling infringing apparel and footwear featuring identical, confusingly similar, or substantially indistinguishable imitations of adidas's Three-Stripe Mark.

3.    In a settlement agreement between the parties signed in 2022 (the "2022 Agreement") resulting from one of these prior law suits, Fashion Nova (i) acknowledged adidas's rights, (ii) agreed not to contest or impair adidas's rights in the Three-Stripe Mark, (iii) agreed to stop selling apparel and footwear adidas had identified as infringing the Three-Stripe Mark (the "Disputed Products"), and (iv) committed to stop manufacturing, marketing, or selling any product bearing the Three-Stripe Mark or any design, mark, or feature confusingly similar to it. The 2022 Agreement was signed by Erica Meierhans, then-General Counsel and Chief Compliance Officer for Fashion Nova. The 2022 Agreement is attached as **Exhibit 1** to the Complaint.

4.    Less than three years after signing the 2022 Agreement, Fashion Nova breached it by promoting, offering for sale, and/or selling many of the exact same designs it had promised to discontinue. Examples of the Disputed Products, which Fashion Nova agreed to stop making, advertising, and selling, as well as some of Fashion Nova's nearly identical current offerings are shown in the chart below and

in **Exhibit 2**.

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
|  |  |
|  |  |

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
|  |  |
|  |  |

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|



5.    In addition to advertising, offering for sale, and/or selling apparel containing designs identical or substantially similar to those prohibited by the 2022

Agreement, Fashion Nova released an entirely new batch (with additional items marked as "coming soon") of footwear and apparel bearing confusingly similar or substantially indistinguishable imitations of the Three-Stripe Mark (together with the designs above, the "Infringing Apparel and Footwear")—despite its commitment to refrain from further infringing adidas's Three-Stripe Mark in the 2022 Agreement. Examples of those infringing designs are shown below and in **Exhibit 2**.

  

 

6.    Fashion Nova's actions constitute a clear breach of its obligations under the 2022 Agreement, and its marketing and/or sale of the Infringing Apparel and Footwear is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation.

7.    Fashion Nova's willful infringement of adidas's Three-Stripe Mark is irreparably harming adidas as it has no control over the quality, standards, or designs of the Infringing Apparel and Footwear. Moreover, the massive volume and speed at which Fashion Nova churns out new—potentially infringing—products exacerbates the harm to adidas's reputation while simultaneously depriving adidas of an adequate remedy at law for Fashion Nova's ever-growing trademark infringement and counterfeiting.

8.    This is, therefore, an action at law and in equity for breach of contract, trademark counterfeiting, infringement, dilution, and unfair competition arising under: the laws of Oregon; the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Fashion Nova from distributing, marketing, or selling apparel and footwear using or bearing confusingly similar imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble that award; (c) award adidas statutory damages; (d) require Fashion Nova to disgorge all of its profits from its sale of the Infringing Apparel and Footwear; and (e) award adidas punitive damages, attorneys' fees, and costs.

## II.    PARTIES

9.    Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

10.    Plaintiff adidas America, Inc. is a corporation organized and existing

under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the famous Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

11.    Defendant Fashion Nova, LLC is a limited liability company organized and existing under the laws of California, having a principal place of business at 2801 East 46th Street, Vernon, California 90058.

### III.    JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

13.    This Court has personal jurisdiction over Fashion Nova because pursuant to an agreement with adidas, Fashion Nova submitted to the personal jurisdiction of this Court in connection with the matters at issue in this lawsuit. In addition: (a) Fashion Nova resides in California and has its principal place of business in California; (b) Fashion Nova has knowingly and purposefully marketed, distributed, offered for sale, and/or sold the Accused Apparel and Footwear to persons within the State of California; (c) Fashion Nova regularly transacts and conducts business within the State of California; and (d) Fashion Nova has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction..

14.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    adidas' Famous Three-Stripe Mark

15.    adidas is currently, and for many years has been, one of the world's leading manufacturers of athletic apparel, sportswear, footwear, and sporting equipment. At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark, which is nonfunctional as applied to footwear, quickly came to signify the quality and reputation of adidas footwear. Representative examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 3**.

16.    At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States and worldwide. The Three-Stripe Mark, which is nonfunctional as applied to apparel, quickly came to signify the quality and reputation of adidas apparel. Representative examples of apparel, including shirts, jackets, and pants, bearing the Three-Stripe Mark are attached as **Exhibit 4**.

17.    Examples of apparel and footwear sold by adidas bearing the Three-Stripe Mark are shown below:

 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18






19      18.    adidas is the owner of a federal trademark registration, Reg. No.
20  2,284,308, issued by the United States Patent and Trademark Office ("USPTO") on
21  October 12, 1999, for the Three-Stripe Mark, as depicted below, for "sports and
22  leisure wear, namely pants."
23
24
25
26
27
28



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of Certificate of Registration No. 2,284,308 is attached as **Exhibit 5**.

19.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the USPTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely, shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of Certificate of Registration No. 2,278,591 is attached as **Exhibit 6**.

20.    adidas is the owner of a federal trademark registration, Reg. No. 2,016,963, issued by the USPTO on November 19, 1996 for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely jackets."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 7**.

21.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the USPTO on May 6, 1997 for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

22.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the USPTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this execution of the Three-Stripe Mark is attached as **Exhibit 9**.

23.    adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

24.    adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the USPTO on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of the Registration for this mark is attached as **Exhibit 11.**

25.    adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the USPTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of the Registration for this mark is attached as **Exhibit 12**.

26.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the USPTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of the Registration for this mark is attached as **Exhibit 13**.

27.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the USPTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of the Registration for this mark is attached as **Exhibit 14**.

28.    adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the USPTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for "Clothing, namely . . . pants, shorts, bottoms, . . . tracksuits, training suits, [and] warm-up suits." A copy of Certificate of Registration No. 4,910,643 is attached as **Exhibit 15**. An affidavit has been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.



29.    adidas is the owner of additional incontestable federal registrations for the Three-Stripe Mark covering other items of apparel such as athletic training suits and headwear, including Reg Nos. 870,136, 3,183,656, 3,183,663, and 3,236,505. Copies of these Certificates of Registration are attached collectively as **Exhibit 16**.

30.    adidas is also the owner of incontestable federal registrations for the Three-Stripe Mark covering footwear, including Reg Nos. 2,278,589, 2,909,861, and 2,999,646. Copies of these Certificates of Registration are attached collectively as **Exhibit 17**.

31.    Additionally, adidas owns federal trademark registrations for the word marks THE BRAND WITH THE 3 STRIPES and THREE STRIPE LIFE, Reg. Nos. 1,674,229 and 6,897,937, respectively (issued by the USPTO on February 4, 1992 and November 15, 2022 respectively for various items of apparel and accessories). Affidavits have been filed for Reg. No. 1,674,229 pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. Copies of these Certificates of Registration are attached collectively as **Exhibit 18**.

32.    In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.

33.    adidas has invested hundreds of millions of dollars building its brand in connection with the Three-Stripe Mark, and federal courts have repeatedly stated that the Three-Stripe Mark is famous among consumers in the United States. Indeed, for decades, adidas has advertised and promoted the Three-Stripe Mark in the United States through virtually every marketing channel, including print, television, digital advertising, social media, influencer marketing, and sponsorships.

34.    Since introducing the Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark in the United States. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with Texas A&M University, the University of Kansas, the University of Nebraska, the University of Louisville, Arizona State University, the University of Indiana, and the University of Miami. Among many other athletes who wear apparel and footwear bearing the Three-Stripe Mark, adidas sponsors: (a) NBA stars James Harden, Damian Lillard, Donovan Mitchell, Trae Young, and Anthony Edwards; (b) MLB all-stars J.D. Martinez, Julio Rodriguez, and Corey Seager; (c) professional golfers Collin Morikawa, Sergio Garcia, and Ludvig Aberg; (d) NFL stars Garrett Wilson, Amon-Ra St. Brown, and Patrick Mahomes, three-time Super Bowl MVP, 2018 and 2022 NFL MVP and six-time selection for the Pro Bowl; (e) soccer superstars Lionel Messi, Mohamed Salah, Trinity Rodman, Catarina Macario, and Lindsey Horan; (f) top tennis players, including Stefanos Tsitsipas, Jessica Pegula, Alexander Zevrev, and Maria Sakkari; and (g) NCAA college football superstar, Travis Hunter, 2024 Heisman Trophy winner, 2024 AP College Football Player of Year, and 2024 Big 12 Defensive Player of the Year. For decades, adidas has also sponsored the world-

famous Boston Marathon, along with many other events, teams, clubs, and individuals.

35.    adidas also has sponsored the U.S. volleyball and beach volleyball teams. And it is known for sponsoring alpine athletes, including Mikaela Shifrin, Alice Robinson, and Petra Vlhova, as well as extreme sports athletes, such as the official adidas Skateboarding team. All of these sponsorships involve extensive use and marketing of the Three-Stripe Mark.

36.    Beyond the sports world, adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of television and movie stars, social media influencers, and musical artists, including 13-time Grammy Award winning producer Pharrell Williams, pop stars Beyoncé Knowles, Katy Perry and Selena Gomez, iconic rappers B.o.B and DJ Kerwin Frost, and world renowned reggaeton artist Bad Bunny.

37.    Unsolicited media coverage has referred to adidas's "classic three stripes" (Hondorp, Gabrielle, "The Best Tracksuits of 2024: Top Picks for Style, Speed and Comfort," *Sports Illustrated*, January 4, 2024), adidas as the "[b]rand with the Three Stripes" (Hernanadez, Jovani "Three Stripes Across 50 States: A Guide To The Best-Selling adidas Shoes In The U.S.," *Sneaker News*, November 15, 2023), adidas's "distinctive three-stripe pattern" (Gupta, Manjari, "5 sneaker models that define Adidas heritage," *Sportskeeda*, May 29, 2023), the "beloved Three Stripes icons" (Le, Michael, "The adidas PUFFYLETTE Creates An Illusory Homage To Iconic Three Stripes Sneakers," *Sneaker News*, December 8, 2022), adidas's "seminal three-stripes style" (Sandoval, Paolo, "From Samba to Superstar: Which Adidas Sneakers Are Right for You?," *Inside Hook,* October 19, 2022), "[t]hink of [a]didas and you think of the Three Stripes" (White, Mark, "Adidas: The history of the Three Stripes on football shirts," *FourFourTwo*, July 15, 2022), adidas's "signature three stripes" (Z., Yna, "Bringing the Lego 10282 Adidas Originals Superstar to life,"*AsiaOne*, July 14, 2021), "the iconic three-stripe [a]didas tag" (Romano, Brittany, "Adidas has finally made a golf shoe version of the popular three-striped

Superstar sneaker," *Golf Digest*, August 13, 2020), adidas's "signature three-stripes" (Northman, Tora, "Adidas Originals' Burgundy Track Pants Are the Perfect Retro Staple," *Hypebae*, February 6, 2018), adidas's "signature three stripes" (Butler-Young, Sheena, "The Inside Scoop on How Adidas Became One of the Industry's Most Sought-After Brands," *Footwear News*, March 14, 2017), "iconic three stripes" (Reimel, Erin, "Alexander Wang Announced a Major Collab With Adidas at Fashion Week," *Glamour*, September 11, 2016), "famous Three Stripes" (Schwartz, Rob, "Three Brands That Won At The World Cup," *Forbes*, July 13, 2014). Copies of the foregoing and other unsolicited media articles discussing the adidas brand and the Three-Stripe Mark are attached collectively as **Exhibit 19**.

38.    In addition, adidas's advertising campaigns and sponsorships have themselves received extensive media coverage. For example:

- In 2019, adidas recruited tennis star Billie Jean King and ESPN host Maria Taylor to "promote visibility of women in sport" with its "She Breaks Barriers" campaign. This advertisement also "features athletes Rahaf Khatib, Keni Harrison, Becky Sauerbrunn, and Layshia Clarendon." *See* **Exhibit 20** (Smith, Jordan, "Adidas Launches Campaign for Equal Media Representation in Sport," *Runner's World*, March 12, 2019).

- In 2020, adidas kicked off a campaign "Change Is a Team Sport," directed by and starring Jonah Hill, which emphasizes the power of teamwork and includes other icons such as K-pop's super girl group BLACKPINK, chart-topping producer-singer Pharrell Williams, Brazil's leading diva Anitta, Hong Kong-born singer-rapper Jackson Wang, DJ Kerwin Frost, Japanese fashion designer Nigo, professional gamer Ninja, American actress Yara Shahidi, and French soccer player Paul Pogba. *See* **Exhibit 21** ("Change Is A Team Sport," *adidas News*, January 26, 2020).

- adidas's 2021 "Impossible is Nothing" campaign is a documentary-style work that extensively features the adidas trademarks, including the Three-Stripe Mark, throughout on apparel and footwear and is inclusive of people from different sports, genders, ethnicities, and nationalities, including Siya Kolisi, the first Black captain of the South African rugby team, Tiffany Abreu, the first trans woman to play in Brazilian Volleyball Superliga, Cyrill Gutsch, the award-winning designer and brand/product developer of Parley, Ranveer Singh, awarding-winning Hindi film actor, Mohamed Salah Hamed Mahrous Ghaly, Egyptian professional footballer for Liverpool and captain of the Egypt national team, and numerous WNBA superstars, including Candace Parker, Nneka Ogwumike, Layshia Clarendon, and Angel McCoughtry. *See* **Exhibit 22** ("Impossible Is Nothing: Inspiring The World To See Possibilities," *adidas News*, April 19, 2021).

- In 2022, adidas launched a campaign in connection with the 2022 FIFA World Cup called "When Football Is Everything, Impossible is Nothing," which featured icons from across sports and media such as Lionel Messi, Karim Benzema, Achraf Hakimi, Son Heung-Min, Jude Bellingham, Pedro 'Pedri' González López, Serge Gnabry and Stormzy. *See* **Exhibit 23** ("When Football Is Everything Impossible Is Nothing," *adidas News*, November 14, 2022).

- In 2023, adidas launched a series of short films accompanied by a set of triptych stills shot by Chadwick Tyler, with some sets featuring partners, collaborators, and friends of the brand that have helped to tell the story of the Trefoil the world over including: Zinedine Zidane, Jenna Ortega, Pusha T, Anitta, Hoyeon Jung, David Beckham, Jennie, Stormzy. *See* **Exhibit 24** ("Adidas Originals Launches New Global Brand Platform:

COMPLAINT
Case No. 2:25-cv-1878

'We Gave The World An Original. You Gave Us A Thousand Back,'"
*adidas News*, September 15, 2023).

- adidas's 2024 "You Got This" campaign features professional and amateur athletes—including Patrick Mahomes, Trinity Rodman, Lionel Messi, Linda Caicedo, Rohit Sharma, Anthony Edwards, Jude Bellingham and the New Zealand All Blacks rugby team—to address how pressure detracts from their enjoyment of playing a sport. *See* **Exhibit 25** ("Adidas tells athletes of all types: 'You got this,'" *MarketingDive*, February 12, 2024).

- In 2025, adidas continued its "You Got This" campaign—this time emphasizing the importance of coaches, parents, supporters, and teammates while featuring star athletes such as Anthony Edwards and Aitana Bonmatí alongside personal friends and supporters. *See* **Exhibit 26** ("Adidas And Stars Including Aitana Bonmatí, Anthony Edwards, And Trinity Rodman Set Out To Make Us All Believe, You Got This," *adidas News*, February 11, 2025).

39.    adidas has built up and now owns extremely valuable goodwill that is symbolized by the Three-Stripe Mark. As a result of adidas's widespread, continuous, and exclusive use of the Three-Stripe Mark in connection with its apparel and footwear for many decades, the general consuming public of the United States recognizes the Three-Stripe Mark as a designation of source of the goods of adidas, and it is, therefore, a famous mark. The Three-Stripe Mark became famous long before Fashion Nova began selling the Infringing Apparel and Footwear.

**B.    Fashion Nova's Prior Infringement And The 2022 Settlement Agreement**

40.    In 2019, adidas learned that Fashion Nova was offering for sale and selling apparel and footwear featuring stripe designs that were confusingly similar— and often identical—to adidas's famous Three-Stripe Mark.

41.    Specifically, adidas became aware that Fashion Nova was selling the apparel and footwear depicted below:

  

  

  









1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28








1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28








1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







  

42.     adidas attempted, but was unable, to amicably resolve its dispute based on Fashion Nova's sale of egregiously infringing apparel and footwear, so it filed a lawsuit styled *adidas America, Inc. et al v. Fashion Nova, Inc.*, Civil Action No. 3:19-cv-0740-AC, asserting claims for trademark infringement, trademark counterfeiting, unfair competition, and trademark dilution (the "2019 Lawsuit").

43.     The parties resolved the 2019 Lawsuit through the 2022 Agreement.

44.     The 2022 Agreement is valid and enforceable, and Fashion Nova and adidas entered into the 2022 Agreement after arms-length negotiations where each side was represented by counsel.

45.     In the 2022 Agreement, Fashion Nova specifically agreed not to produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market the above apparel and footwear or any of the apparel and footwear shown in **Exhibit 2**.

46.     Fashion Nova further agreed not to produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market anything confusingly similar to the Three-Stripe Mark.

47.     Fashion Nova also agreed expressly not to take any action contesting or impairing adidas's right, title, and interest in the Three-Stripe Mark. This undertaking included, without limitation, a covenant not to assert that the Three-Stripe Mark lacks distinctiveness, or that it is generic, descriptive, functional, or ornamental.

1        48.    Although adidas has complied with all material terms of the 2022

2    Agreement, on information and belief, Fashion Nova never intended to comply with

3    the 2022 Agreement in word or spirit, and as shown below, has not complied with

4    the 2022 Agreement.

5        49.    adidas discovered recently that, without authorization, Fashion Nova

6    had begun advertising, offering for sale, and/or selling apparel bearing stripe designs

7    that are nearly identical to those on products Fashion Nova agreed to discontinue in

8    the 2022 Agreement, as shown below:

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
| |  |

COMPLAINT
Case No. 2:25-cv-1878
- 27 -

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
|  |  |
|  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
|  |  |
|  |  |
|  |  |

| Products Fashion Nova Agreed To Stop Selling In 2022 Agreement | Products Advertised and/or Offered for Sale by Fashion Nova |
|---|---|
|  |  |

50.    In addition, Fashion Nova, without authorization, has begun to offer for sale and/or sell other apparel and footwear that violates the 2022 Agreement and is likely to cause confusion with the Three-Stripe Mark, including, for example, the apparel and footwear shown below and in **Exhibit 2**:









1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
















51.    On information and belief, Fashion Nova began using identical, confusingly similar, or substantially indistinguishable imitations of the Three-Stripe Mark on the Infringing Apparel and Footwear in knowing, willful, intentional, and malicious violation of adidas's rights and of the 2022 Agreement.

52.    The Infringing Apparel and Footwear designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and/or sold by Fashion Nova are not manufactured by adidas, nor is Fashion Nova associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

53.    adidas used its Three-Stripe Mark extensively and continuously long before Fashion Nova began distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel and Footwear; and the Three-Stripe Mark became famous long before Fashion Nova began its infringement, unfair competition, and dilution of adidas's rights.

54.    Fashion Nova's uses of identical, confusingly similar, or substantially indistinguishable imitations of adidas's famous Three-Stripe Mark are likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Infringing Apparel and Footwear are manufactured or authorized by, or in some manner associated with, adidas, which they are not.

55.     The likelihood of confusion, mistake, and deception engendered by Fashion Nova's misappropriation of adidas's famous Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies. Among other things, Fashion Nova's marketing and sale of the Infringing Apparel and Footwear is: causing adidas to lose control over adidas's brand, as represented by the Three-Stripe Mark; diverting consumers from adidas; causing consumers to associate adidas's Three-Stripe Mark with a cheaper, lower quality, and/or budget-minded brand; causing consumers to affiliate adidas's Three-Stripe Mark and brand with imagery and/or communications that are different from those adidas wishes to have the consuming public associate with its Three-Stripe Mark; and diminishing the goodwill adidas has built up over numerous decades in the Three-Stripe Mark.

56.     On information and belief, Fashion Nova continues to use identical, confusingly similar, or substantially indistinguishable imitations of adidas's famous Three-Stripe Mark in connection with Fashion Nova's advertising, marketing, and sale of apparel and footwear that directly compete with apparel and footwear offered for sale by adidas through the same channels of marketing and trade. Fashion Nova began selling the Infringing Apparel and Footwear long after adidas had established protectable trademark rights in the Three-Stripe Mark and well after the Three-Stripe Mark became famous among the general public in the United States.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

57.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

58.     Fashion Nova's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Fashion Nova's goods are manufactured or

distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

59.     Fashion Nova has used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. §§ 1114 and 1125(a). Fashion Nova's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

60.     Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable harm.

61.     Fashion Nova has caused and is likely to continue causing substantial injury to the public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Fashion Nova's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Trademark Counterfeiting)

62.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

63.     Fashion Nova has used in commerce in the United States spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark without adidas's authorization, and in connection with the same goods described in adidas's federal registrations for that mark, as shown in **Exhibit 2**.

64.     Fashion Nova's unauthorized use of spurious marks on the Infringing Apparel and Footwear that are identical with, or substantially indistinguishable from, the Three-Stripe Mark falsely represents Fashion Nova's goods as emanating from or being authorized by adidas and places beyond adidas's control the quality of goods offered and sold under the Three-Stripe Mark.

65.    Fashion Nova's unauthorized use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark in connection with the promotion and sale and distribution of apparel and footwear is likely to cause confusion, mistake, or deception as to the source or sponsorship of Fashion Nova's goods, and is likely to deceive the public into believing that Fashion Nova's goods emanate from adidas, are sponsored, endorsed, or approved by adidas, are subject to adidas's quality control measures, or are otherwise associated with adidas.

66.    Fashion Nova's foregoing conduct has been intentional, reckless, and willful.

67.    As a result of Fashion Nova's use of spurious marks that are identical with, or substantially indistinguishable from, the Three-Stripe Mark, Fashion Nova has used counterfeit marks, as that term is defined in Section 34(d)(1)(B) of the Lanham Act, and Fashion Nova is accordingly liable under the anti-counterfeiting provisions of the Lanham Act.

68.    Fashion Nova is likely to continue causing substantial injury to the public and to adidas, which has no adequate remedy at law, and adidas is entitled to injunctive relief, an accounting of profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to prejudgment interest. Alternatively, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Fashion Nova's willful use of counterfeit marks.

### THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition)

69.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

70.    Fashion Nova's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by

creating the false and misleading impression that Fashion Nova's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

71.    Fashion Nova has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Fashion Nova's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

72.    Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

73.    Fashion Nova's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Fashion Nova's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution of the Three-Stripe Mark)

74.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

75.    For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Fashion Nova began advertising, promoting, distributing, or offering for sale the Infringing Apparel and Footwear. Indeed, this Court previously held the Three-Stripe Mark to be

"unquestionably famous." *adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1247 (D. Or. 2016).

76.    Fashion Nova is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

77.    Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

78.    Fashion Nova has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Fashion Nova's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Business Reputation)

79.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

80.    For over sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Fashion Nova began advertising, promoting, distributing, or offering for sale the Infringing Apparel and Footwear.

81.     Fashion Nova is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

82.     Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

83.     Fashion Nova has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the California Business and Professional Code, CAL. BUS. & PROF. CODE § 14247 (West 2009).

84.     adidas, therefore, is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices)

85.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

86.     Fashion Nova has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Fashion Nova's goods, causing a likelihood of confusion as to Fashion Nova's affiliation, connection, or association with adidas, and otherwise damaging the public.

87.    Fashion Nova's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009).

88.    Fashion Nova's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.  adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement and Unfair Competition)

89.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

90.    Fashion Nova's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Fashion Nova's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

91.    Fashion Nova's actions constitute trademark infringement and unfair competition under California common law, and they have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law for this injury.

92.    On information and belief, Fashion Nova has acted with full knowledge of adidas's use of, and statutory and common law rights to, adidas's Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Fashion Nova's activities.

93.    Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

94.    As a result of Fashion Nova's actions, adidas has been damaged in an amount not yet determined or ascertainable. At minimum, however, adidas is entitled to injunctive relief, to an accounting of Fashion Nova's profits, as well as adidas's damages, reasonable attorneys' fees, and costs. Further, in light of Fashion Nova's deliberate and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Fashion Nova from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Contract)

95.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

96.    The 2022 Agreement is a valid contract.

97.    The 2022 Agreement was supported by adequate consideration.

98.    The 2022 Agreement was signed by Ms. Meierhans and binds Fashion Nova's officers and directors, as well as the company and its successors.

99.    Fashion Nova materially breached the 2022 Agreement when Fashion Nova manufactured, offered for sale, and/or sold the Infringing Apparel and Footwear bearing stripe designs that are confusingly similar to adidas's Three-Stripe Mark, including designs that are indistinguishable from the exact designs Fashion Nova agreed to stop selling pursuant to the 2022 Agreement.

100.    Fashion Nova's breach of its contractual obligations has damaged adidas, and Fashion Nova's ongoing breach of the 2022 Agreement is inflicting irreparable harm on adidas.

101.    Additionally, the 2022 Agreement states that in the event of a breach by Fashion Nova, adidas shall be entitled, in addition to other relief, to "injunctive relief in addition to any other monetary relief available at law." Accordingly, adidas is entitled to permanent injunctive relief and to actual and consequential damages resulting from Fashion Nova's breach.

**PRAYER FOR RELIEF**

WHEREFORE, adidas prays that:

1.      Fashion Nova and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Fashion Nova, or in concert or participation with Fashion Nova, and each of them, be enjoined permanently from:

        a.  using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Fashion Nova's goods;

        b.  passing off, palming off, or assisting in passing off or palming off Fashion Nova's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

        c.  advertising, promoting, offering for sale, or selling the Infringing Apparel and Footwear or other goods bearing confusingly similar imitations of adidas's Three-Stripe Mark;

2.      Fashion Nova be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any identical or confusingly similar imitations of adidas's Three-Stripe Mark that are in Fashion Nova's possession, custody, or control, or have been shipped by Fashion Nova or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Fashion Nova;

3.      Fashion Nova be ordered to deliver up for impoundment and for destruction, all apparel, footwear, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Fashion Nova

that are found to adopt, infringe, or dilute adidas's Three-Stripe Mark or that otherwise unfairly compete with adidas and its products;

4.      Fashion Nova be compelled to account to adidas for any and all profits derived by Fashion Nova from the sale or distribution of the Infringing Apparel and Footwear;

5.      adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Fashion Nova's knowing and intentional use of counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark, the damages awarded be trebled and the award of Fashion Nova's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b), or alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), for any goods bearing a counterfeit mark, adidas be awarded statutory damages for Fashion Nova's willful use of a counterfeit mark;

7.      Fashion Nova be required to pay adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes and common law cited in this Complaint;

8.      Based on Fashion Nova's willful and deliberate infringement and dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

adidas have such other and further relief as this Court may deem just or proper.

## JURY TRIAL DEMANDED

adidas respectfully demands a trial by jury on all claims and issues so triable.

///

///

1

2    DATED: March 4, 2025

3                                    By: */s/ Kollin J. Zimmermann*
                                     **KILPATRICK TOWNSEND &**
                                     **STOCKTON LLP**
4                                    Kollin J. Zimmermann (CA Bar No. 273092)
5                                    KZimmermann@ktslaw.com
                                     1801 Century Park East, Suite 2300
6                                    Los Angeles, CA 90067
                                     Telephone: 310-248-3830
7                                    Facsimile: 310-860-0363

8
                                     R. Charles Henn Jr. (*pro hac vice*
9                                    forthcoming)
10                                   chenn@ktslaw.com
                                     1100 Peachtree Street, Suite 2800
11                                   Atlanta, GA 30309
                                     Telephone: 404.815.6500
12                                   Facsimile: 404.815.6555
13

14                                   *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28